WEBB, JUDGE:
The claimant brought this action for damage to her business which she alleges was caused when the respondent prevented her from erecting outdoor advertising signs along U.S. Route 19 in Nicholas County. The Court, while sympathetic to the claimant’s plight, is constrained by the law and the evidence to deny the claim for the reasons stated more fully below.
The sequence of events giving rise to this claim is as follows. Beginning in the early 1980's, the claimant and her then-husband (now deceased) owned and operated a multi-faceted business known as Gauley Landing, Inc., on U.S. Route 19 approximately two miles south of Summersville in Nicholas County. Through the 1980's, the main access to this business was on the old Route 19, which fronted on the approximately 34 acres owned by the claimant and her husband. The business included, at various times, a restaurant, convenience store, service station *81 and campground. The business provided carriage rides to a picnic area as well as camping facilities. Claimant installed a large septic system for the campground, added a laundromat for truckers, created office space, black-topped a parking area, and improved the facilities in general. New Route 19 was constructed along the back of the claimant’s property during the late 1980's and early 1990's. The pleadings indicate that approximately six acres were acquired by the State through eminent domain proceedings for which claimant was compensated in the approximate amount of $20,000.00.
During the early 1990's, the claimant alleges that she sustained a substantial loss of business resulting from the highway construction, route relocation, traffic and the inability to advertise her business on new Route 19. Eventually the claimant and her husband filed for bankruptcy protection. Claimant’s husband died in 1992, and she became solely responsible for the business. In approximately 1994, old Route 19 was closed and the claimant and her son moved the restaurant business temporarily to the Summersville Motor Inn. However, their plan was to continue to operate, the campground, and to return to operate the restaurant and convenience store when construction of the new highway was completed. In September 1994, an application was submitted to the respondent for a permit to put up several outdoor advertising signs on the new four-lane Route 19. The applications were investigated and denied by the respondent, ultimately giving rise to this claim.
WV Code §17-22-1, et seq., lays out the general provisions for signs along federally-funded highways, consistent with 23 USC §§ 131, et seq. and relevant state and federal regulations. These provisions generally prohibit outdoor advertising signs within 660 feet of the edge of a federally-funded highway, except in zoned or unzoned commercial or industrial zoned areas, or for on-premises business activities. Unzoned commercial or industrial activity is defined, in part, as a business in operation for a minimum of six months, with electricity and parking. WV Administrative Regulation 7.02 Definitions. The respondent’s evidence established that at the time of the application, an enforcement officer investigated the application and found no ongoing business activity on the claimant’s property. Therefore the sign application was denied on the basis that no qualifying unzoned commercial area could be found.
Thereafter, the claimant attempted to locate another sign on the property advertising for antiques. This sign was also on Route 19 near State Route 41. WV Code §17-22-7 and WV Administrative Regulation 7.11 (2) (d) (2), provide that an on-premise advertising sign must be located within 500 feet of the center of the business activity. In July 1995, the respondent again investigated and discovered that the business location was the old restaurant building, which exceeded the 500-feet limit. A violation notice was issued. In order to comply, the claimant’s son moved a small building to within 452 feet of the sign. At a meeting with the claimant on or about October 4, 1995, it was determined that this was a valid on premises sign, but that an outdoor advertising sign for other business activities was still not permitted.
The claimant has offered evidence that Nicholas County was zoned for business activity in 1965, thereby bringing her sign application within the exception for zoned commercial areas contemplated by WV Code §17-22-8 and 23 CFR 750.704. The evidence adduced at hearing was that a county-wide zoning plan was, indeed, adopted. However, in 1983, the County Commission repealed the zoning plan, based upon the advice of the county prosecutor and the Attorney General that the zoning plan had been improperly adopted without a proper public hearing.
The claimant has submitted evidence that the county commission may have been in error. The Court is unable to determine from the evidence whether the 1965 zoning plan was legally adopted, and has further determined that this question is beyond the scope of review for purposes *82 of resolving this claim. The respondent’s evidence plainly establishes that there was no applicable business zoning in effect in Nicholas County for the relevant time periods. Therefore, the claimant’s position that her sign was within a zoned commercial or industrial area contemplated by the provisions of WV Code §17-22-1 et seq. and the relevant state and federal regulations must fail.
The Court, after careful review of the evidence and the pleadings, is of the opinion that there is no evidence of negligence on the part of the respondent upon which to justify an award. The claimant’s plight is indeed regrettable. Experience shows that ongoing business enterprises, such as the claimant’s, are often damaged during major highway construction. Such losses would appear to be one of the inexorable consequences of the construction of new highways throughout the State of West Virginia. However, nothing in the record indicates that the respondent was negligent or acted improperly in any way. In view the foregoing, the Court is of opinion to and does deny this claim.
Claim disallowed.